UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>   v.<br><br>GEL DIRECT TRUST,<br>GEL DIRECT, LLC,<br>JEFFREY K. GALVANI,<br>STUART A. JEFFERY,<br><br>        Defendants. | Civ. Action No. 1:22-cv-09803-JSR<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
DEFENDANTS' EXPERT JEFFREY S. HOLIK**

/s/ Keefe M. Bernstein
Keefe M. Bernstein*
Derek B. Kleinmann*
Jaime Marinaro*

*Admitted Pro Hac Vice*

Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Tel: (817) 900-2607 (Bernstein)
bernsteink@sec.gov
Tel: (817) 900-2623 (Kleinmann)
kleinmannd@sec.gov
Tel: (817) 900-2639 (Marinaro)
marinaroj@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission

July 24, 2023

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

A.  Holik's Legal Opinions About the Broker Factors Are Improper ........................................ 1

B.  Holik's Opinions About the Broker Factors Are Not Reliable .............................................. 3

C.  Holik's Opinions About Overlapping Regulations Are Improper ........................................ 3

D.  Holik's Remaining Opinions Should Also Be Excluded ...................................................... 4

CONCLUSION ................................................................................................................................ 5

## TABLE OF AUTHORITIES

**Federal Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
    303 F.3d 256 (2d Cir. 2002) ............................................................................................. 3

*Marx & Co. v. Diner's Club, Inc.*,
    550 F.2d 505 (2d Cir. 1977) ............................................................................................. 1

*SEC v. Global Inv. Strategy UK Ltd.*,
    2021 WL 4896127 (S.D.N.Y. Oct. 19, 2021) ................................................................... 4

*United States v. Bilzerian*,
    926 F.2d 1285 (2d Cir. 1991) ........................................................................................... 1

**Federal Statutes**

Section 15(a)
    [15 U.S.C. § 78o(a)].................................................................................................. 2, 4, 5

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Reply in Support of its Motion to Exclude ("Motion") the report and testimony of Jeffrey S. Holik ("Holik"), Defendants' proposed expert witness, and responds to Defendants' Memorandum in Opposition to the Motion ("Opposition") as follows.

**A. Holik's Legal Opinions About the Broker Factors Are Improper**

The Motion establishes that Holik improperly opines on which case law broker factors the jury should apply in this case, how the jury should apply them, and what result the jury should reach based on his application of the facts he selected to the factors he chose. *See* Dkt. 51, Plaintiff's Memorandum in Support of the Motion ("Plaintiff's MOL") at 3-6. It is well-settled that this is improper expert testimony. *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977). The Court should reject Defendants' unpersuasive arguments in response and exclude Holik's opinions.

*First*, Defendants argue that an expert may testify to industry practice and whether a defendant's conduct met or deviated from industry practice. Opposition ("Opp.") at 3. At the outset, "testimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissible, and may not be made so simply because it is presented in terms of industry practice." *Bilzerian*, 926 F.2d at 1295. In other words, Holik cannot opine that "Defendants are not brokers," by re-couching his opinion as "Defendants are not brokers under industry practice," which is exactly what he now seeks to do.

Moreover, Holik has *not* offered any opinions on industry practice. Holik's Report[1] does not identify or establish any industry practices, much less address how GEL's conduct met or

---

[1] "Report" refers collectively to Holik's initial report and his supplemental report.

1

deviated from industry practice. In any event, any such analysis would be irrelevant. The SEC has not charged Defendants with negligence or breach of fiduciary duty, so expert testimony that purports to show a standard of care vis-à-vis compliance or non-compliance with industry practice has no bearing on whether Defendants were brokers under the statute.

*Second*, Defendants argue that the broker factors are "fact based," and therefore Holik is not providing legal opinions. This misses the point. Holik is opining, based on his review of unspecified legal authority, on which factors the jury should consider (the Court's purview), how the jury should apply the facts of this case to those factors (the jury's purview), and the ultimate result the jury should reach (again, the jury's purview).

*Third,* Defendants contend that Holik is allowed to provide background information to help the jury understand unfamiliar terms and concepts and to explain the broker factors. However, he has not done that. Nowhere in Holik's Report does he indicate that he will be testifying on these topics, much less disclose what terms or concepts he intends to address, what he intends to say, or his basis for those positions. Holik is not entitled to provide unspecified, undisclosed testimony at trial.

Further, and related to the points above, Defendants are simply trying to use "background information" and "industry practice" to backdoor in Holik's impermissible and prejudicial opinions on what broker factors he believes the jury should apply. Specifically, Holik wants to "explain" to the jury a series of broker factors that are completely *inapplicable* to Defendants' activities, and that the SEC does *not* need to establish to prove its Section 15(a) claim. This would be highly prejudicial to the SEC. The SEC is not required to address or disprove broker

2

factors that are not relevant to the facts and circumstances of this case.

### B. Holik's Opinions About the Broker Factors Are Not Reliable

Even assuming Holik could offer his opinions on the broker factors, Holik provides no facts or analysis to support his conclusions. Plaintiff's MOL at 6-8.

In response to this deficiency, Defendants paste a list of steps Holik purportedly took in connection with his work on the engagement. Opp. at 9. Defendants then make a series of conclusory statements, similar to those in Holik's Report, re-stating Holik's conclusions. Opp. at 9-10. Defendants do not and cannot point to any analysis in Holik's Report to support the conclusions he reached, much less cite to any factual support.[2] Defendants do not even attempt to make a showing that Holik's Report establishes that his opinions are grounded on sufficient facts or data; are the product of reliable principles and methods; or that Holik has applied the principles and methods reliably to the facts of the case. *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (citations and quotations omitted).

### C. Holik's Opinions About Overlapping Regulation Are Improper

Holik's interpretation and application of banking laws, and his conclusions about the scope of the SEC's legal jurisdiction are clearly improper legal opinions. Plaintiff's MOL at 8-9. Defendants do not contest this point.

Further, Holik's opinions that the banks and executing brokers were already regulated are completely irrelevant to whether GEL acted as an unregistered broker, and will only serve to confuse the issues at trial and cause unfair prejudice. Plaintiff's MOL at 9-10. Defendants' only argument in response is that: "one of GEL's defenses is that the transactions at issue were

---

[2] The closest Defendants come to showing any analysis is a single quote from Holik's deposition (not his Report) where Holik talks about how he determined if the Defendants were advertising. Opp. at 11.

properly regulated…" Opp. at 13.  However, this statement only further establishes that Holik's opinions are improper.  The existence of other regulation is *not a defense* to a strict liability Section 15(a) claim.  *See SEC v. Global Inv. Strategy UK Ltd.*, 20 Civ. 10838, 2021 WL 4896127, at *10 (S.D.N.Y. Oct. 19, 2021) (rejecting defendant's argument that Federal Reserve Board's authority to regulate defendant's lending activity ousts the SEC of jurisdiction to regulate defendant as broker-dealer).

For the same reasons discussed above, Holik's opinions on overlapping regulation are also unreliable.  Defendants do not and cannot point to any analysis or factual support for the conclusions Holik reached on these issues.[3]

**D. Holik's Remaining Opinions Should Also Be Excluded**

Holik's Report offers a series of additional unsupported, irrelevant, and prejudicial opinions about how the SEC views certain conduct, and whether investors complained or were injured by GEL's conduct.  Plaintiff's MOL at 10-11.  Defendants do not address any of the deficiencies in these opinions.  Defendants' Opposition also makes clear that Holik is offering policy opinions about the need for regulation in the penny-stock space, which Defendants attempt to advance as an improper defense to the Section 15(a) claim.

Defendants' statements about Holik's opinion that he saw no evidence that any investors complained or were confused illustrates this point.  Defendants ignore the fact that Holik provides no basis for this opinion.  Defendants then argue that "[t]his point is relevant 'to the

---

[3] Defendants also make incorrect statements about the GEL account structure.  For example, Defendants have admitted, and the bank records show, that GEL's customers' securities were deposited and commingled with other customers' securities in GEL accounts that GEL controlled at US Bank and other custodian banks.  The customers did not have separate accounts at the custodian banks holding the shares, which were held in GEL's name in GEL accounts.  *See* Dkt. 44, Plaintiff's Rule 56.1 SOF ¶¶ 19-24.

important question of whether there is a need for regulation.'"  Opp. at 16 (citing Holik Tr. 88:16-17).

Defendants go on to incorrectly claim that the SEC has alleged "investor confusion," because some investors believed they opened brokerage accounts at GEL.  The SEC has not alleged "investor confusion."  The SEC has alleged, and now submitted at summary judgment, party admissions where Defendants admit in their own account materials that their customers were opening brokerage accounts at GEL, and corresponding customer consents submitted to GEL confirming that fact.  This does not somehow make Holik's unsupported and conclusory opinions that no investors were injured, or complained, or were confused relevant or admissible to a Section 15(a) claim.

## CONCLUSION

Plaintiff respectfully requests that the Court grant its motion, exclude Holik's report and testimony, and grant the SEC such other or further relief to which it is justly entitled.

Dated:  July 24, 2023

Respectfully submitted,

<u>/s/ Keefe M. Bernstein</u>
Keefe M. Bernstein*
Derek B. Kleinmann*
Jaime Marinaro*

*Admitted Pro Hac Vice*

Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Tel: (817) 900-2607 (Bernstein)
<u>bernsteink@sec.gov</u>
Tel: (817) 900-2623 (Kleinmann)
<u>kleinmannd@sec.gov</u>
Tel: (817) 900-2639 (Marinaro)
<u>marinaroj@sec.gov</u>

Counsel for Plaintiff
Securities and Exchange Commission